IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>DENNIS EDWARD LAYMAN, JR<br>      Debtor,<br><br>SERVBANK, SB,<br>      Movant,<br><br>v.<br><br>DENNIS EDWARD LAYMAN, JR, and<br>JACK N. ZAHAROPOULOS, Trustee,<br>      Respondents. | Bankruptcy No. 1:24-bk-00833-HWV<br><br>Chapter 13 |

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

AND NOW COMES, Movant, Servbank, SB (the "Movant "), by and through its undersigned counsel, Bernstein-Burkley, P.C., and files this Objection to Confirmation of the Chapter 13 Plan (the "Objection") filed April 22, 2024, stating as follows:

1. Respondent, Dennis Edward Layman, Jr. (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March April 5, 2024 (the "Petition Date").

2. Jack N. Zaharopoulos is the duly appointed Chapter 13 Trustee and is currently acting in such a capacity.

3. Servbank, SB holds a lien on the Debtor's real property located at stating as follows 385 S. Center Street, Hanover, Pennsylvania 17331 ("Property"), recorded in the Office of the Recorder of Deeds for York County, Pennsylvania, to secure a Note (the "Note") with a principal balance of $97,375.00. True and correct copies of the Mortgage, Assignment of Mortgage, and Note are attached hereto as Exhibits "A", "B" and "C", respectively.

4. Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Movant, has been duly endorsed or Movant, directly or through an agent, has possession of the promissory note and may enforce the promissory note as a transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. If the

original promissory note is lost or destroyed, then Movant will seek to prove the promissory note using a lost note affidavit.

5. The Total Debt on the Note as of April 30, 2024, was $112,246.12. The total pre-petition arrears due at the Petition Date was $23,687,64. These amounts we be reflected in the Proof of Claim that will be filed by Movant prior to the bar date.

6. Debtor's Chapter 13 Plan filed April 22, 2024, lists Movant to be paid $12,318.00.

7. The Debtor's Chapter 13 Plan fails to properly treat Movants claim and therefore fails to comply with 11 U.S.C. § 1322.

8. The Movant's Proof of Claim should govern.

WHEREFORE, Movant, Servbank, SB, respectfully requests that this Honorable Court deny confirmation of Debtor's Chapter 13 Plan.

Dated: May 6, 2024

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: /s/*Keri P. Ebeck*
Keri P. Ebeck, Esq.
PA I.D. # 91298
kebeck@bernsteinlaw.com
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-
Phone - (412) 456-8112
Fax - (412) 456-8135

*Counsel for Servbank, SB*