In re:                                                                                                    Case No. 24-00833-HWV

Dennis Edward Layman, Jr                                                              Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0314-1 | User: AutoDocke | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 09, 2024 | Form ID: pdf002 | Total Noticed: 22 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 11, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Dennis Edward Layman, Jr, 385 S Center St, Hanover, PA 17331-3482 |
| 5608611 | + | Credit Bureau Of York, 33 S Duke St, York, PA 17401-1485 |
| 5608614 | | Penn Township Tax Collector, 20 Wayne Ave Ste 3, Hanover, PA 17331-3313 |
| 5608617 | | Pennsylvania Office of General Counsel, 333 Market St Fl 17, Harrisburg, PA 17101-2210 |
| 5608618 | | Target, c/o Financial & Retail Srvs Mailstop BT, Minneapolis, MN 55440 |
| 5608622 | | U.S. Attorney, Middle District of Pa., 235 N Washington Ave Ste 311, Scranton, PA 18503-1533 |
| 5608625 | | York County Tax Claim Bureau, 28 E Market St Rm 105, York, PA 17401-1587 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: kebeck@bernsteinlaw.com | May 09 2024 18:50:00 | Servbank, SB, C/o Keri P. Ebeck, 601 Grant Street, 9th Floor, Pittsburgh, PA 15219, PA 15219, UNITED STATES 15219-4430 |
| 5608607 | | Email/PDF: acg.coaf.ebn@aisinfo.com | May 09 2024 19:05:36 | Capital One Auto Finance, Attn: Bankruptcy 7933 Preston Rd, Plano, TX 75024-2302 |
| 5608608 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | May 09 2024 19:05:32 | Cbusasears, Po Box 6217, Sioux Falls, SD 57117-6217 |
| 5608609 | ^ | MEBN | May 09 2024 18:45:57 | Chime/Stride Bank, Attn: Bankruptcy, PO Box 417, San Francisco, CA 94104-0417 |
| 5608610 | + | Email/Text: LC-Bankruptcy-RF@loancare.net | May 09 2024 18:50:00 | Cit Bank Na/loancare, 3637 Sentara Way, Virginia Beach, VA 23452-4262 |
| 5608612 | | Email/Text: sbse.cio.bnc.mail@irs.gov | May 09 2024 18:50:00 | Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 5613175 | | Email/PDF: resurgentbknotifications@resurgent.com | May 09 2024 19:05:35 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 5608613 | + | Email/PDF: resurgentbknotifications@resurgent.com | May 09 2024 19:05:36 | Lvnv Funding/Resurgent Capital, Attn: Bankruptcy, PO Box 10497, Greenville, SC 29603-0497 |
| 5608615 | | Email/Text: fesbank@attorneygeneral.gov | May 09 2024 18:50:00 | Pennsylvania Attorney General, 16th Floor, Strawberry Square, Harrisburg, PA 17120-0001 |
| 5608616 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | May 09 2024 18:50:00 | Pennsylvania Department of Revenue, Bankruptcy Division, 1 Revenue Pl, Harrisburg, PA 17129-0001 |
| 5608617 | ^ | MEBN | May 09 2024 18:48:44 | Pennsylvania Office of General Counsel, 333 Market St Fl 17, Harrisburg, PA 17101-2210 |
| 5608619 | | Email/Text: BK@servicingdivision.com | May 09 2024 18:50:00 | The Money Source Inc., Attn: Bankruptcy, 3138 E Elwood St Ste 200, Phoenix, AZ 85034-7210 |

| 5608620 | + Email/Text: bankruptcydepartment@tsico.com | May 09 2024 18:50:00 | Transworld Sys Inc/51, Attn: Bankruptcy, PO Box 15630, Wilmington, DE 19850-5630 |
|---|---|---|---|
| 5608621 | + Email/Text: bankruptcydepartment@tsico.com | May 09 2024 18:50:00 | Transworld System Inc, PO Box 15630, Wilmington, DE 19850-5630 |
| 5608623 | ^ MEBN | May 09 2024 18:47:18 | U.S. Department of Justice, 950 Pennsylvania Ave NW, Washington, DC 20530-0009 |
| 5608624 | + Email/PDF: ais.wellsfargo.ebn@aisinfo.com | May 09 2024 18:55:23 | Wells Fargo Dealer Services, Attn: Bankruptcy 1100 Corporate Center D, Raleigh, NC 27607-5066 |

TOTAL: 16

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 11, 2024          Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 9, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| Keri P Ebeck | on behalf of Creditor Servbank SB kebeck@bernsteinlaw.com, btemple@bernsteinlaw.com;politicsci2@gmail.com;agilbert@bernsteinlaw.com;kebeck@ecf.courtdrive.com |
| Michael A. Cibik | on behalf of Debtor 1 Dennis Edward Layman Jr help@cibiklaw.com, noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

**Layman Jr, Dennis Edward**

CHAPTER 13

CASE NO. **1:24-bk-00833**

✓ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

**0** Number of Motions to Avoid Liens
**0** Number of Motions to Value Collateral

CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchasemoney security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

      1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ **30,300.00** , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2024 | 04/2029 | $505.00 | $0.00 | $505.00 | $30,300.00 |
| | | | | Total Payments: | $30,300.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   ( ) Debtor is over median income. Debtor estimates that a minimum of $ **11,080.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ **11,080.00** . (Liquidation value is calculated as the value of all nonexempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

_____ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

_____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____________ from the sale of property known and designated as _____________ All sales shall be completed by _____________ , 20 _____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____________

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____________

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| The Money Source Inc. | 385 S Center St Hanover, PA 17331-3482 | $12,318.00 | | $12,318.00 |

**D.** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

**E.** **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F.** **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.** **PRIORITY CLAIMS.**

**A.** **Administrative Claims**

1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees.</u> Complete only one of the following options:

   a. In addition to the retainer of $ __1,575.00__ already paid by the Debtor, the amount of $ __3,725.00__ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ☐ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ☑ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Cibik Law, P.C. | $3,725.00 |

**B.** <u>Priority Claims (including, certain Domestic Support Obligations</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

**C.** <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).</u> *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

   **A.** <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   **B.** Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

4

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☑ plan confirmation.

   ☐ entry of discharge.

   ☐ closing of case.

7. **DISCHARGE: (Check one)**

   ☐ The debtor will seek a discharge pursuant to § 1328(a).

   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:
   Level 1: _____
   Level 2: _____
   Level 3: _____
   Level 4: _____
   Level 5: _____
   Level 6: _____
   Level 7: _____
   Level 8: _____

   *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

   Level 1: Adequate protection payments.
   Level 2: Debtor's attorney's fees.
   Level 3: Domestic Support Obligations.
   Level 4: Priority claims, pro rata.
   Level 5: Secured claims, pro rata.
   Level 6: Specially classified unsecured claims.
   Level 7: Timely filed general unsecured claims.
   Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: ___04/19/2024___         _____**/s/ Michael A. Cibik**_____
                                Attorney for Debtor


                                _____**/s/ Dennis Edward Layman, Jr**_____
                                Debtor


                                _____
                                Joint Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

6